Welcome to this session of the Fifth Circuit Court of Appeals here in Houston, Texas today. Our first case is 2018-30535 McBride et al. v. Riley et al. You may proceed. Good morning, Your Honor, and may it please the Court, my name is Bradley Drell and I owe more on their respective law firms in this appeal. At issue in this case is what we call a no-look fee order issued by a bankruptcy court pursuant to this Court's opinion in Cahill, which allows a bankruptcy court to establish a presumptive load star. Basically based on Johnson and First Colonial, a bankruptcy court typically will apply an allowable hourly rate times the amount of time that an attorney spends on a case to determine an appropriate fee. Is this about $300, $350 that we're talking about in the cases? $365, Your Honor. $365, okay. And in the past, before the new procedures for that district, how would the money be recovered? Well, under the prior no-look fee order, those expenses were considered to be reimbursed by virtue of a flat no-look fee, but it did consider that expenses were being reimbursed under that formula, and that was not challenged by any of the attorneys that were operating under it. So it was included in the flat fee, you had to take out this $365 for these expenses and give it to the clients instead of for the lawyer, is that right? No. No. Help me. No, in other words, the clients would not, I think we're kind of putting the cart before the horse. The idea is that in some instances, a client may pay the lawyer pre-petition the amounts of money necessary for the filing fee, the credit counseling fee, and the credit report fee. The debtor's lawyer would put the money in their trust account. When those fee expenses were paid out, it would be paid out of the trust account, and if the attorney used his own credit card, he would reimburse himself from the trust account. What we're talking about here is that... And that's perfectly fine. Nobody's challenging that, right? No, no one's challenging that practice. But what happens is you want to be able to say no money down bankruptcy, basically, right? Right. For clients that do not have the funds available to pay the filing fee, the credit counseling fee, and the credit report fee. Right. And so you front them the money, and then you get paid the money back, is what you're trying to do, is get it paid through the bankruptcy. Yes. And so how would those be taken care of prior to this new NOLIP order? In the Western District? They were being reimbursed pursuant to that scheme. In other words, I think it was presumed that you were fronting those costs, or if you didn't, then you were effectively getting a bonus. We would suggest that the prior order was also an abuse of discretion by the bankruptcy court, but no one challenged it. Okay. So could you get them after the fact with post-petition, with the request? Were they ever sought after the fact? Under the prior order? Yes. No. In one sense, they were sought after the fact to the extent that if you file one of these fee addendums to a Chapter 13 plan under the prior order, you would state, hey, I performed these services, and this is my presumptive hourly rate, and I fronted these expenses, and it either meets or exceeds the amount of the pre-calculated load star, and therefore I'm asking for the flat fee rather than filing a formal fee application. Okay. So now we come to the current procedure that they have there, and it's silent on these fees and whether you can recover them, whereas the other one specifically denied it. But the court has taken the position that they still have the same policy and that you can't get it. So why should you be able to? I'm trying to get you started off with your argument. Well, I will be glad to, as far as I know, and that will actually probably shorten my argument considerably. In the Fifth Circuit, we have 26 bankruptcy judges. Of those 26, 17 allow reimbursement of these expenses, and 11 of those allow reimbursement of expenses on top of a presumptive no-look Cahill fee. Now, if I agree with you, if we did a chart and we agree with you that most jurisdictions do allow this, nonetheless, why can't the Western District of Louisiana do something different if it chooses to? What law prohibits them from doing that? I understand that it's not the common practice. It makes it difficult for people who practice in multi-juris, multi-areas, because the rules are different, and we're not uniform, and we try to have uniform bankruptcy procedures, but we don't always. Do we have the authority to make them do this? Well, I think so. Why? Because this Court reviews fee awards for an abuse of discretion. However, it reviews the bankruptcy court's conclusions of law de novo. In this instance, the bankruptcy court's decision rests solely on a legal conclusion that the filing fee, credit counseling fee, and credit report fee can't be reimbursed against the great weight of authority of jurisprudence that we particularly cite on page 17 of our brief in footnote 10, which I would urge the Court to review in undertaking the decision in this matter. And Judge Colway did not make any sort of pronouncement as to why he was exercising his discretion this way. And under the case law that we cite in brief, particularly Cahill, which also cites Evangeline Refining, this Court has said that a bankruptcy court has to provide a clear expedition for the exercise of a bankruptcy court's discretion in granting or denying fees. And if the bankruptcy court does not make that pronouncement, then the determination is essentially reversible. And here, Judge Colway's decision is based solely on a premise of law that these fees are not reimbursable to a Chapter 13 debtor's attorney. And we would take the position that that is legal error against the great weight of authority in the Fifth Circuit and in case law around the country, particularly in footnote 10 of our brief on page 17. Then, let's say, Judge Elrod, for sake of argument, that Judge Colway did have some expenses into a flat no-look fee. I would suggest that that would be an abuse of discretion under the Court's standard of review that's not de novo, but just on an abuse of discretion standard. And here is why. If the intent of the bankruptcy court's order is to subsume these expenses in a flat no-look fee, then if an attorney does not front them and they've been reimbursed on the front end by their client, that attorney is receiving a windfall, essentially receiving an unwarranted bonus for essentially doing less to help their client, they're getting paid more. And I don't see how the bankruptcy court can justify saying that an attorney, like my clients, who will front the filing fee, credit counseling fee, and credit report fee, which are all normal fees that any attorney in any other area of law could front for a client in the future, that that lawyer should be penalized and paid less than a lawyer who doesn't. It just does not make sense. Do you, so you have an argument under 503B1 and under Section 330, is that correct? Yes. That you believe it's either one, they need to be reimbursed? Yes. Although, Your Honor, I would admit that I think that the 330 argument is much stronger, particularly look at our brief on page 17 again, on footnote 10, those are 503 cases, but we do think that the 330 argument is stronger, and here is why. It could be said that the filing fee does not really benefit the estate. Now I disagree with that to the extent that the estate would not exist if the filing fee does not get paid. But let's take the credit report fee. That solely relates to the debtor's counsel's due diligence in preparing the petition, schedules, and statements of financial affairs for the client. Arguably, maybe that doesn't benefit the estate. But 330 goes further than 503 in allowing compensation to Chapter 13 debtor's lawyers for representing the interests of the debtor. And I believe that those fees clearly fall under the language of that part of the statute and the purview of what the courts were trying to accomplish. Assuming, Arguendo, that the court would agree with you on that, did the court actually make a ruling under 330 or was that dicta that said, oh, and by the way, if you submit it this way, we won't grant it either? Has that actually been, is that right for ruling that we need to rule on the 330 issue at this point? Or is it premature? Well, I would say it is premature, Your Honor. I would not say it's premature. I would say it is ripe and for this sole reason. Given the small amounts of money that are involved, if a bankruptcy judge says, if you file a formal fee app seeking these expenses, I'm going to deny it. Given the small amount of money involved, what attorney in their right mind would ever file it? Because it costs too much. How much does it cost? Is that, I mean, it's probably not in the record, but in general, what is involved in filing the fee app? Well, what is involved in filing a fee app, and I file many in my Chapter 11 practice, you essentially have to keep track of all of your time, segregate those time entries by project categories, which generally you can make them up, but most of us use the American Bar Association standard project categories that's available in most of our billing software. You have to make sure all of it is coded properly. You have to file a pleading that not only includes your bill, but a summary of your You have to do that. If you just are asking for the $365, can't you just say that the credit report costs this much to obtain, and only put those items on the list to seek that? No, you can't file a formal fee app just for those costs. Why not? Because the court will not allow that. The court is going to say, if you want the presumptive, no-look fee under the standing order, you can apply for that with a short addendum. You can't do a hybrid. You can't do a hybrid. To my knowledge, the judges will not allow that. When they say that we want you to file a fee application. They mean a fee application, and so you lose the whole benefit of the no-look over this $365? Yes, you do. Okay. And is it $3,500? How much is the amount that is the presumptive amount? Well, it varies, but it's roughly $3,000. There's a certain, and I'd have to go look at the order to be completely accurate on this, but there are certain cases that have a reduced fee based on the amount of money that the debtor is paying to make sure that these cases are not just funding attorney's fees. And so the no-look fee order is a little bit complicated in that on certain cases it will award one fee, but for normal cases it awards another different fee. And then there are additional fees that are allowed in the no-look order for post-petition activities by debtor's counsel, such as filing an amended plan, responding to motions to lift stay, and so on. It's a comprehensive scheme to avoid filing fee applications, which would be overly burdensome given the number of Chapter 13 cases that the judges are handling and the number of cases that the attorneys have to handle. And so there's no other way to seek these fees other than a full-bore fee application, and they lose the benefit of the no-look fee. The old standing order had an explicit provision. When was that replaced with the new standing order that is silent on this issue? I believe it was, I'd have to check, but I want to say it's like 2015. We started this appeal right after that process. In other words, once the new order was announced, my clients read the order and said, okay, maybe we have a chance to revisit this issue because this order is silent on the reimbursement of those expenses. They immediately began to enter into contracts with their clients where the clients indicated, okay, I understand that you're going to seek reimbursement of these fees from my Chapter 13 case, and they signed those contracts. And then my clients filed plans with fee addendums requesting reimbursement of those fees. And then Judge Coley took the matter under advisement for approximately six months and then issued the ruling that we're appealing today. I have a question about the Eastern District of Louisiana and the Middle District of Louisiana. The local rule in the Eastern District of Louisiana provides for reimbursement of expenses but doesn't specifically mention filing fees. Are those typically included in the Eastern District, or are you not aware? I am not aware. I do not practice Chapter 13 law in the Eastern District. In the Middle District? If I were to ask you a question about that, would you say you weren't aware either? I would say I was aware. Okay. The local rule there says the debtor has the obligation to pay the filing fee, but it doesn't discuss the reimbursement in any – but they do seem – the standard form seems to anticipate that the debtors can pay the attorney for some pre-petition expenses. So what is the practice in the Middle District of Louisiana? They really haven't addressed it. I think that most of the time the debtors do pay the filing fee up front, and then the attorney simply asks for the no-look fee. Judge Dodd has not tried to address this particular controversy. Do you think that the reason that Texas has so many more explicit rules allowing for these recoveries is because the disciplinary rules are different in Texas? And so if they didn't explicitly allow for it, they wouldn't be able to try to get it? Whereas the Louisiana disciplinary rules are more – would allow you to get recovery for these types of things? You don't have anything on that? No, I've looked at that. And I do not think the disciplinary rules are different in the regards of recovering these filing fees. Moreover, you have to understand that in both Texas and Louisiana, the rules governing debt relief agencies that are present in the Bankruptcy Code, you have to expressly put that in your contract under the Bankruptcy Code, notwithstanding the possible differences of disciplinary rules in the different states. And the thing is, this is really a matter of bankruptcy law as to whether under 330 these fees are reimbursable. And in Mississippi, they do routinely reimburse these, right? Yes, they do. They're noted in the order as reimbursable. Okay. And so with that, Your Honors, I would just want to point out that the potential at least for allowing the reimbursement of these fees is going to encourage debtors' lawyers to basically extend help to more people. In other words, they're already taking a risk because basically every fee in a Chapter 13 case is more or less a contingency fee if it's flat because you're basically hoping that the debtors will pay. And I think them, in good faith, not only risking their time but their money on these clients is a worthy cause. Thank you. Thank you. May I approach? You may. May it please the Court, Your Honors, Ryan Robison, Staff Attorney for Chapter 13, Trustee John C. Thornburgh. I'll try to keep it succinct here. This is about Chapter 13 bankruptcy cases, not any other chapter. This is about a no-look fee order, a specific creation within Chapter 13 for efficiency purposes to help both the courts and debtors' counsel throughout the process. And this is about marketing no-money-down bankruptcy. Should we seek the opinion of the U.S. Trustee? We often do that in a lot of cases. I don't know that that's... We sui sponte do that frequently. So what is your view on that? That request has not been made here. Well, like I said, we sui sponte do that frequently. Is that the type of thing that there might be some interest in uniformity in this area so we should seek and find out whether there is an interest in uniformity? My client, the Chapter 13 trustee, is here. I don't know if he has the ability to speak on this. The court is asking this on the fly here. Okay. You don't know. You just can say you don't know. I will say this. You don't have an opinion. Okay. I've spoken with the United States Trustee's office on this. They know we are here, and they wish us luck. But other than that, they have not offered any guidance or assistance. I'm not expecting any otherwise, if that is of any help to the court. You understand if we do not give the relief that sought, that we have this hodgepodge approach in the Fifth Circuit, and you think that's okay? I hear that, Your Honor. In the Western District of Louisiana, we had a new order. New judges signed off on it, with the exception of Judge Summerhays, who was the holdover judge from the original no-look fee order and the newest iteration of it. So not even all the judges in the Western District follow this rule? No, Your Honor. What I'm saying is we just have new bankruptcy judges in place. But Judge Summerhays is still there? Judge Summerhays has recently been elevated to the district court. So you don't have an issue. Every single judge in the Western District follows this. No money down, and the advancement of Chapter 13, filing fees, and the credit report, credit cost fees. It's a prevalent practice in the Alexandria area and in the Monroe divisions. So am I correct that every bankruptcy judge in the Western District follows this? I didn't hear an answer. That's my appreciation, Your Honor. Attorneys don't try this before Judge Summerhays, is my understanding. They haven't tried it before Judge Norman, is my understanding, until he recently left the bench and Judge Hodge was appointed very recently. Judge Norman, who's here? Yes, he was on the bench. He was on the bench. He just moved. I stand corrected. I stand corrected. He left us in the Western District of Louisiana, Your Honor. If you read the briefs filed by the appellants, Your Honor, they're trying to make the argument that they're being forced to absorb these costs, $365.00. There's an additional debtor, perhaps $387.00, if there are two debtors in the case. They make reference multiple times that they're being forced to absorb these costs. Your Honor, I'm sure the Court's aware from reading all the briefs, the no-look fee is a choice. It's a choice in lieu of a formal fee application. But just completing the formal fee application may be cost prohibitive if you're only going to get $3,000.00 back. I think all the courts have determined and the attorneys practicing, it is easy to predict and project things if you utilize the no-look fee for the most part. I apologize. Secondly, the appellants want the Court to believe that they're representing those who are otherwise barred from the bankruptcy system. That's one of their arguments that they make, that the bankruptcy court is somehow preventing debtors from filing bankruptcy cases, from getting the relief that they need. I think Judge Colway's opinion very clearly shows that there are rules in place to protect the debtors who are in those circumstances. That's the filing fee by installment practice that's provided for in Rule 1006. It's not a practice that was utilized in this case. It's a statutory rule and a rule that is there. It's clear. It's simple. It's available to utilize. Those orders are signed off repeatedly in our division. So most people pay in installment fees? I would not say that most people pay in installment fees, but those that have the need file a motion and ask for that. If the Court reviews the orders of some of the Texas division orders and whatnot, it shows that filing a motion for payment of installment fees is one of the things that's included in their no-look fee order. It's a rule. It's a practice. It's allowed. Remember that Chapter 13 is for debtors with regular income. These are not debtors. This is not Chapter 11, and this is not Chapter 7. These are debtors who have a regular income, whether it be from employment, from Social Security, regular assistance from some other means. Thus, they have funds. They are expected to make installment plan payments that are typically in line with what these filing fees are, with what these credit report fees are. So Chapter 13, it's special, and this is focused on Chapter 13 here. What do you do about the argument that the lawyer who's doing more work by having to take care of the credit report, who's having to take care of all of these filing things, is getting less money than the lawyer who doesn't have to do the work? That is a competitive advantage choice. It is a choice that attorneys have made over time when they created the concept of no money down Chapter 13. Lure in the clients, those firms are better capitalized, they bring in more clients, they eat the cost in order to gain the clients, and over time, you have less competition in the market because you have other attorneys that have to choose to eat those costs too or to not. Do you believe that the 330A argument is ripe for ruling today? I heard the court ask that question earlier, and as I reviewed Judge Colway's brief, I think he did go through the 330A. He said that with our standing order, with our no-look fee order, the only expense that it looks like we're going to grant is additional postage. But he also explicitly says that he agrees with the Frazier opinion that he cited that attorneys are entitled to seek expense reimbursement, which is not under the no-look fee order. It can't be hybrid, can it? That's no. So my suggestion that you could just seek these expenses on the side at the end, under 330A, you can't do that? If an attorney brings a case in, they elect no-look fee or they elect fee application, usually based on the complications that any individual case may present. If it's an extremely complicated case where they see double, triple the work, it makes good sense to do a fee application, and they would advise their client of that. It would be in agreement with the client beforehand. Now, are you aware of how this is handled around the country? I know that you recognize that this approach is in the minority in the Fifth Circuit. Is this true throughout the country? Your Honor, I don't know for around the country. I know for the courts, they were actually addressed in the brief filed by the appellants. And I looked at each of the orders that were filed. I've got a... I'll summarize them here, just to make sure. We've got the Southern District of Texas says you can get the filing fee back. That's all it says. It doesn't give us a reason, doesn't give us why, but it acknowledges filing fee can be additionally reimbursed. I think that's important to say, additionally reimbursed. The Eastern District says enough of Texas, nothing about the reimbursement of any of the advance fees. I think it just uses the words expense reimbursement in there. And then you have Northern District of Texas, specifically allows filing fees, specifically allows credit report fees. And you have the Western District of Texas, which is very large, it says nothing specifically about reimbursement of any of these three fees it issued. So while there's a divergence, especially within those courts, and those are the courts I'm aware of other than the Western District, because I've looked at them in preparation for this. The Western District does provide for reimbursement of expenses in the individual division orders. The division orders. The Waco, Midland, Austin, and El Paso in their division orders. Is that wrong? Perhaps I interpreted wrongly. I did not see the itemization of filing fees. They didn't split it out like Northern does, but they said reimbursement of expenses are allowed. Well, and I would implore the court that the prior version of the Western District no-look fee order also specifically included, if you chose to front some expenses, they were included in the fee that you were going to get. It's a choice. Again, it's a model of doing business. No money down is catchy. It has a good ring to it. It's a practice, though. It is not a requirement. It is not forced on debtors' counsels by the court. Should we require the court to explain why it's not allowing these fees? If you say, well, you can do this, it's your discretion, but you need to explain why you exercised your discretion this way. I thought that Judge Colway's opinion went through that fairly well in examining why the two-prong test was failed under 503, that these were personal obligations being satisfied for the debtor's benefit, not for the estate's benefit. He went through the two-prong test very well, made those conclusions as to why the 503 application didn't apply. I interpreted that he went into 330 then and interpreted very clearly. But to the extent that the courts relied upon some kind of view that they couldn't award the fees, whereas that may not, in the same argument that we didn't agree that the court couldn't, but it would be its choice, should we remand so that the court can explain why it's making that choice, as opposed to that they're not allowed to under the code? I don't know what more the court could do. You would have to say in this case, or in all of our cases, we've determined this is not a good prudence. The court determined that the filing fee was a pre-petition expense of the debtor. It was not property of the bankruptcy estate. The funds used were not property of the bankruptcy estate. Payment by the attorney and did not entitled them to some subsequent reimbursement ahead of unsecured creditors or ahead of anyone else in the process. Again, I read Judge Colway to go through it very, very clearly, following the standards and the rules that were out there to make a determination. I don't know what more would come of it, because I didn't, his opinion to me didn't just say we're not going to do it because we don't do it, we've never done it. No, but if it says we're not going to do it because we can't do it, and if that's mistaken, I'm not saying it is mistaken. If that's mistaken, your honor, then yes, the court has more to say about it, I would think. Because he could then say, well, we have discretion either way, and I'm not going to do it because I think it's a bad practice, but we have to let the court say that because the court hadn't yet said that. Understood. And I would not disagree with that. Okay. I don't have anything further to say. I think we have your argument. Thank you. Thank you, your honors. Your honors, I do have to say that I disagree that a remand would be beneficial here to allow the bankruptcy court to explain why it's exercising its discretion this way. I really don't see how a bankruptcy court can properly exercise its discretion where it's going to penalize certain lawyers for essentially fronting costs for their clients, which is both ethical and I think helpful. And I want to address what I'm going to call the competition fallacy that's been a part of all this. I'd like your honors to imagine standing at an intersection, and at one corner is Santa Claus. In the other corner is the tooth fairy. On the third corner is a lawyer who's thinking about getting into Chapter 13 debtor practice, but doesn't want to because they may have to front filing fees. And then the fourth is my client, Joe Moore, who's sitting right here. Out of those four, only the last one is not a figment of somebody's imagination. And that is because in 2005, Congress passed the Bankruptcy Abuse Prevention and Consumer Protection Act, where it increased the duties of debtor's counsel probably threefold. Attorneys' fees went up by $1,000 a case across the country. They're now regulated as debt relief agencies. And so if you're a small-town lawyer and you're doing bankruptcy work, even in your phone book listing, you have to state you're a debt relief agency. In other words, Congress in 2005 said to the Chapter 13 debtor's bar, go big or go home. And really, you're not talking about some small practitioners getting squeezed out of the market because some lawyers are fronting filing fees. The truth of the matter is there are sophisticated bankruptcy practices with multiple lawyers and multiple paralegals that are handling hundreds of cases. Some of them are willing to take a gamble on their clients. Some of them are not. The ones that aren't are complaining that these guys are getting some sort of unfair advantage. The thing is, Your Honors, the way I look at this, when we look at the profession that we all practice as lawyers and judges, and then we look at what these folks do for Chapter 13 debtors who are in financial distress and in helping them, the way I have to look at it and what I have to hang my hat on is that what my clients are doing is something to be lauded and not penalized because they're helping their clients. Thank you. Thank you. We have your argument in this case as submitted.